**The STATE of Ohio, Appellee,**

**v.**

**NATHAN, Appellant.**

[Cite as *State v. Nathan* (1995), 99 Ohio App.3d 722.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–94–44.

Decided Jan. 9, 1995.

*David E. Bowers,* Allen County, Prosecuting Attorney, and *Gary R. Hermon,* Assistant Prosecuting Attorney, for appellee.

*Larry E. Nathan, pro se.*

HADLEY, Judge:

Defendant-appellant, Larry E. Nathan, appeals from a judgment in the Allen County Court of Common Pleas which overruled his motion to withdraw his previous plea of guilty to two counts of aggravated drug trafficking.

On August 12, 1993, the Allen County Grand Jury issued an indictment which set forth four counts of aggravated drug trafficking against appellant. At the arraignment on August 23, 1993, appellant pled not guilty to all four counts in the indictment. On October 7, 1993, pursuant to plea negotiations, appellant pled guilty to two counts in the indictment: two violations of R.C. 2925.03(A)(7), with the specifications dismissed. The trial court personally addressed appellant in open court regarding his change of plea. Appellant was then sentenced to a term of incarceration and ordered to pay restitution, a mandatory fine, and court costs.

On February 28, 1994, appellant filed a motion to quash "and waiver" the mandatory fine imposed by the trial court's October 7, 1993 judgment entry, attaching an affidavit of indigency. This motion was amended and refiled on March 23, 1994.

Subsequent to the sale of appellant's forfeited properties on February 23, 1994, the trial court confirmed the sale, and ordered distribution of the proceeds on March 17, 1994.

On May 23, 1994, appellant moved to withdraw his plea of guilty, asserting as his basis for this motion that he was denied the effective assistance of counsel. Appellee the state of Ohio opposed this motion. On June 15, 1994, the trial court overruled appellant's motion to withdraw his plea of guilty, finding that appellant had failed to meet his burden pursuant to Crim.R. 32.1. It is from this judgment that appellant asserts the following assignments of error.

### Assignment of Error Number One

"The [trial] court abused its discretion when it failed to determine whether * * * Larry Nathan['s] guilty plea to 2925.03 was made knowingly and voluntarily, and to hold an evidentiary hearing on his motion to withdraw [his] guilty plea pursuant to Criminal Rule 32.1."

In his first assignment of error, appellant argues that the trial court abused its discretion by failing to grant his motion to withdraw his guilty plea because his trial attorney entered appellant's plea, not appellant himself.

■ A motion to withdraw a plea of guilty is governed by the standards set forth in Crim.R. 32.1, which states:

"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

In *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, the Ohio Supreme Court stated that the burden of demonstrating a manifest injustice required by Crim.R. 32.1 permits a court to allow a withdraw of a guilty plea only in "extraordinary cases." The burden of demonstrating a "manifest injustice" rests with the defendant. *Id.* And the decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court. *Id.* In exercising that discretion, the trial court is the court to resolve issues of credibility and the weight of the defendant's assertions in his motion. *Id.* Thus, this court will not reverse a trial court's denial of a motion to withdraw a plea of guilty absent an abuse of discretion on the part of the trial court.

■ When a trial court reviews a motion to withdraw a guilty plea, it decides, based upon the allegations in appellant's motion, whether to hold an evidentiary hearing on the motion. Generally, a hearing on a postsentence motion to withdraw a plea "is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn." *State v. Hamed* (1989), 63 Ohio App.3d 5, 7, 577 N.E.2d 1111, 1112; see, also, *State v. Blatnik* (1984), 17 Ohio App.3d 201, 17 OBR 391, 478 N.E.2d 1016.

■ Turning to the matter *sub judice*, appellant must demonstrate an abuse of the trial court's discretion in not granting appellant's motion to withdraw his plea of guilty. The only basis set forth by appellant in his brief for his assertion that the trial court abused its discretion in not granting him an evidentiary hearing on the allegations in his motion to withdraw his plea is that when the trial court accepted the plea of guilty on the two charges, the trial court accepted the plea from appellant's trial counsel, not from appellant himself; thus, his plea of guilty was not made voluntarily and intelligently.

We must overrule this assignment of error. This basis for appellant's motion to withdraw his plea does not demonstrate a "manifest injustice" as contemplated by Crim.R. 32.1.

First, the plea hearing transcript was not made a part of the record on appeal. We are therefore unable to review the colloquy between the trial court and appellant at the plea hearing, which colloquy would aid in the determination of whether appellant's guilty plea was not made voluntarily and intelligently, counter to the dictates of Crim.R. 11. Notably, Crim.R. 11 does not require that

the defendant himself must orally give his plea to the trial court, thereby not prohibiting the defendant's counsel from orally entering the plea, as long as the remainder of Crim.R. 11 is complied with.

Finally, appellant's claim that he did not personally vocalize to the trial court his plea does not meet his burden of demonstrating a "manifest injustice." Even if this unsupported allegation [1] could be credible and accepted as true, a manifest injustice does not occur by counsel vocalizing his client's plea.

This assignment of error is overruled.

### Assignment of Error Number Two

"The [trial] court abused its discretion in failing to hold an evidentiary hearing to determine if appellant was denied the effective assistance of counsel guaranteed under the Sixth Amendment to the U.S. Constitution."

Appellant alleges three bases for this assignment of error: first, that appellant's first trial counsel coerced appellant into waiving the initial [preliminary] hearing; second, that appellant's second trial counsel did not conduct any pretrial discovery; and third, that his second trial counsel failed to file an affidavit of indigency.

Appellee asserts that the issues now raised by appellant, *i.e*, ineffective assistance of counsel, are errors which should have been raised on direct appeal from the October 7, 1993 judgment entry and/or by post-conviction petitions. We disagree with appellee in this regard. Appellant is permitted to move to withdraw his plea of guilty after sentence has been imposed. Crim.R. 32.1. Further, a defendant may use as the basis of his motion to withdraw his plea of guilty, the argument that he did not have effective assistance of counsel when entering that plea. See *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715. The trial court then determines whether the allegations in the defendant's motion, if accepted as true, require the trial court to hold an evidentiary hearing. *Hamed, supra.*

In *Xie, supra,* the Ohio Supreme Court addressed a defendant's allegations that he was denied the effective assistance of counsel, which mandated the withdrawal of his guilty plea *prior* to sentencing. Although the defendant in *Xie* attempted to withdraw his guilty plea prior to sentencing on the basis of ineffective assistance of counsel, and appellant in this appeal has attempted to withdraw his plea after sentencing, the same test for ineffective assistance of trial

---

1. Appellant did not allege in his affidavit attached to the motion to withdraw the plea of guilty that it was error for his trial counsel to vocalize appellant's plea to the trial court.

counsel is applied to determine if the trial court correctly overruled appellant's motion to withdraw his guilty plea:

" 'First, the defendant must show that counsel's performance was deficient.' *Strickland* [*v. Washington* (1984)], 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Hill* [*v. Lockhart* (1987)], 474 U.S. at 57, 106 S.Ct. at 369, 88 L.Ed.2d at 209. Second, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty * * *.' *Hill,* 474 U.S. at 59, 106 S.Ct. at 370, 88 L.Ed.2d at 210; see *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693." *Xie,* 62 Ohio St.3d at 524, 584 N.E.2d at 717.

Thus, we must first determine whether any of appellant's three bases for his assignment of error meet the first prong of the test set forth in *Xie.* We note that appellant's three bases all surround issues of his counsel's trial tactics. Generally, counsel for an accused makes an independent appraisal of a case, and is not required to follow any "fixed strategic [legal] procedure." *Defiance v. Cannon* (1990), 70 Ohio App.3d 821, 825–826, 592 N.E.2d 884, 887.

Turning to appellant's bases for this assignment of error, and specifically the first basis, appellant fails to meet the first prong of the *Xie* test that counsel's performance was "deficient." Appellant alleges that his first trial counsel "coerced" him into waiving the initial hearing. On its face, this allegation simply does not rise to the level of deficient performance of counsel. Generally, whether to waive the preliminary hearing is a trial tactic on the part of counsel. In this case, and with the record before us, we find that counsel's decision to waive the preliminary hearing did not constitute deficient performance. Thus, even accepting appellant's allegations as true, counsel's action do not demonstrate deficient performance. Therefore, no facts support appellant's claim of ineffective assistance of counsel on this basis which rise to the level of manifest injustice.

Appellant's second basis for this assignment is that his counsel did not conduct any pretrial discovery. As noted by the trial court in its June 15, 1994 judgment entry, the record reflects that appellant's trial counsel filed a formal motion for discovery from the state, participated in pretrial negotiations, and negotiated a plea agreement. Informal discovery steps would not be reflected by the record. Thus, it may be that the amount of discovery was sufficient to convince appellant's trial counsel that a plea bargain was the best trial tactic in this case. Again, this basis relied upon by appellant to demonstrate ineffective assistance of counsel, even if accepted as true, does not rise to the level of manifest injustice.

Appellant's third basis for this assignment is that his trial counsel failed to file an affidavit of indigency. Appellant did not raise this issue in the context of

his ineffective assistance of counsel claim in his motion to withdraw his guilty plea. A failure to assert an alleged error in the trial court waives that error on appeal, unless, but for the error, the outcome of the trial court's decision would have been different. *State v. Gibson* (1993), 89 Ohio App.3d 188, 623 N.E.2d 1266. A review of the record in this case indicates that there was no plain error by trial counsel's failure to file an indigency affidavit.

Thus, even accepting the three bases for appellant's second assignment of error as being true, as contemplated by *Hamed, supra,* these allegations do not constitute "deficient performance." If there was no deficient performance on counsel's part, the trial court did not abuse its discretion in not holding an evidentiary hearing on appellant's motion to withdraw his plea of guilty on the basis of ineffective assistance of counsel.

Appellant's second assignment of error is overruled.

### Assignment of Error Number Three

"The trial court abused its discretion in failing to adhere to the forfeiture statute denying appellant * * * due process of law under the 14th Amendment."

Appellant did not raise this error as a basis in his motion to withdraw his plea of guilty. The only judgment entry before this court for our review is the trial court's June 15, 1994 judgment entry which overruled appellant's motion to withdraw his guilty plea; and the only issue before this court is whether the trial court properly denied appellant an evidentiary hearing on his motion to withdraw his plea of guilty. Appellant's third assignment of error is not properly before this court as it relates to an alleged error from the October 7, 1993 judgment entry.

This assignment of error is overruled.

The judgment of the Allen County Court of Common Pleas is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT and EVANS, JJ., concur.