OPINION
Defendant-appellant, Charles Edward Brown, was charged, by two separate indictments, with five counts of gross sexual imposition, two counts of rape, and one count of attempted rape. On May 15, 1996, following plea negotiations, the state reduced one rape charge to gross sexual imposition and dismissed the remaining rape charge and attempted rape charge. In exchange, appellant pleaded guilty to six counts of gross sexual imposition. Appellant was subsequently sentenced to six two-year terms in prison, to be served consecutively.
On May 15, 1997 — exactly one year after pleading guilty — appellant filed a motion to vacate his guilty pleas. The basis for the motion was that appellant's pleas were involuntary and that trial counsel was ineffective for inadequately preparing for trial and for withholding crucial evidence from appellant.
The trial court denied appellant's motion without conducting a hearing. On appeal, appellant argues that the trial court erred in denying his motion without first holding an evidentiary hearing.
A post-sentence motion to withdraw a guilty plea will be granted to correct a manifest injustice. Crim.R. 32.1. The burden of demonstrating a manifest injustice is upon the defendant, State v. Blatnik (1984), 17 Ohio App.3d 201, and will result in the withdrawal of a guilty plea only in extraordinary cases. State v. Smith (1977), 49 Ohio St.2d 261.
"When a trial court reviews a motion to withdraw a guilty plea, it decides, based upon the allegations in [the] motion, whether to hold an evidentiary hearing on the motion." State v. Nathan (1995), 99 Ohio App.3d 722, 725. Generally, a hearing is "required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn." Id., citing State v. Homed (1989), 63 Ohio App.3d 5,7.
Appellant submits that the facts alleged in his motion, if accepted as true, would demonstrate both an involuntary plea to the charges and ineffective assistance of trial counsel. We disagree.
As to his claim that his plea was involuntary, appellant submits that he did not commit the alleged crimes, that his trial counsel did not explain the charges, and that he did not understand the charges. These allegations are clearly refuted in the transcript of proceedings from appellant's May 15, 1996 plea hearing. Appellant acknowledged that he understood the nature of the crimes to which he was pleading guilty, was advised of the maximum potential penalties, and was informed of the rights he would be surrendering by entering a guilty plea. The record clearly contradicts appellant's assertions that his pleas were involuntary. The colloquy between the court and appellant demonstrates compliance with Crim.R. 11 and reflects a knowing, voluntary and intelligent plea.
Appellant also claims trial counsel was ineffective because "to my [appellant's] knowledge, [counsel] did not prepare for trial in these cases," and withheld certain evidentiary documents from appellant. Appellant claims that had he known of the existence of these documents prior to pleading guilty, he would not have entered such a plea.
The record indicates that trial counsel did the following before appellant agreed to enter his guilty plea: filed a request for discovery and a bill of particulars, unsuccessfully moved to suppress appellant's confession, provided a list of potential trial witnesses and exhibits to the state, and filed a notice of alibi as to one count of the indictment. Thus, appellant's claim that counsel did not "prepare" for trial is totally unfounded.
Appellant also argues that the night before he was conveyed from the county jail to the Department of Rehabilitation and Corrections, counsel gave him documents which convinced appellant he should not have pleaded guilty. Such would have occurred on July 22 since the record reflects that appellant was conveyed to the Department of Rehabilitation and Corrections on July 23, 1996. If so, appellant does not explain why it took him ten months following this "discovery" to file a motion to withdraw his guilty plea. In addition, appellant did not attach these documents to his motion to withdraw and they are unavailable for our review.
Having reviewed the record, we agree with the trial court's conclusion that there has been no demonstration of manifest injustice. Consequently, the trial court did not abuse its discretion in refusing to grant an evidentiary hearing on appellant's motion. The assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.