OPINION
Appellant-defendant Pablo Garcia takes this appeal from the judgment of the Defiance County Court of Common Pleas denying Garcia's motion to withdraw his plea.
On January 6, 1995, Garcia was indicted on four counts of sexual battery, one count of attempted sexual battery, one count of rape, and one count of attempted rape. Garcia pled not guilty to those charges on January 13, 1995. Pursuant to a plea agreement, Garcia changed his plea on February 10, 1995, to guilty to three counts of sexual battery and one count of attempted sexual battery. The State dismissed the other charges and recommended a sentence of four years. At the hearing, the trial court provided Garcia with an interpreter because of his limited understanding of English.
On June 25, 1998, Garcia moved to withdraw his guilty plea based on ineffective assistance of counsel. Garcia had completed his sentence, but the INS had begun proceedings to deport him because of the felony conviction. The State moved to dismiss Garcia's motion on June 26, 1998. On September 30, 1998, the trial court overruled Garcia's motion to withdraw his plea without an evidentiary hearing.
Garcia raises the following assignments of error.
 The trial court erred when it denied Garcia's motion to withdraw his guilty plea.
 The trial court erred when it denied Garcia's motion without an evidentiary hearing.
Crim.R. 32.1 provides as follows:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
The burden of demonstrating a manifest injustice requiring a withdrawal of the plea rests on the defendant. State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. A post-sentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court and will not be overturned absent an abuse of discretion. State v. Blatnik (1987), 17 Ohio App.3d 201,478 N.E.2d 1016.
Here, Garcia claims that he did not understand the proceedings because of his limited use of English. Garcia alleges that he did not voluntarily decide to take the plea agreement, but relied heavily on his attorney who did not tell him about the possibility of deportation. However, the record does not support this claim. During the plea hearing, the trial court provided Garcia with an interpreter and reviewed all of Garcia's rights. The trial court then stated as follows:
 The Court: Okay. It is my duty to advise you, that if you are not a United States citizen, that the conviction for these offenses to which you are entering a guilty plea, may have the consequences of deportation, exclusion from admission to the United States, denial or denial of naturalization; do you understand that?
The Defendant: (In English) yes.
 The Court: Mr. Alvarado [the interpreter], you want to make sure. Those are not commonly used words. Why don't you --
The Defendant: (Through the interpreter) yes, he understands.
 The Court: Okay. Basically what I am telling you is, they find you have felony convictions, you might get thrown out of the country. They might keep you from becoming a citizen.
The Defendant: (In English) yes.
Even if Garcia's attorney did not inform Garcia of the possibility of deportation, the trial court did. The interpreter explained the possible consequences to Garcia and he stated that he understood them. Thus, the trial court did not abuse its discretion in finding the plea to be voluntarily and knowingly given. The first assignment of error is overruled.
The second assignment of error alleges that the trial court should have held an evidentiary hearing. A hearing on a post-sentence motion to withdraw a plea is only required if the facts alleged by the defendant and accepted as true would require the trial court to permit that plea to be withdrawn. State v. Nathan (1995), 99 Ohio App.3d 722, 651 N.E.2d 1044. As discussed above, even if Garcia's statement that his attorney did not inform him of the possibility of deportation is true, this is not enough to warrant a withdrawal of the plea. Therefore, the trial court was not required to hold an evidentiary hearing on the motion. The second assignment of error is overruled.
The judgment of the Defiance County Court of Common Pleas is affirmed.
Judgment affirmed.
SHAW and WALTERS, JJ., concur.