OPINION
Defendant-appellant, Daniel Sparling, appeals from the judgment of the Marion County Court of Common Pleas which denied his motion for withdrawal of his guilty plea.
On July 3, 1996, defendant was indicted on six counts. Count One charged aggravated burglary; Count Two, felonious assault; Count Three, rape; Count Four, kidnapping; Count Five, burglary; Count Six, domestic violence. The alleged incident these charges relate to occurred on June 22, 1996, at his ex-wife's residence.
At the arraignment, defendant pled not guilty to the charges. On August 13, 1996, pursuant to a plea agreement, defendant entered a plea of guilty to the following crimes: aggravated burglary, felonious assault, and kidnapping. The State dismissed the remaining charges. The trial court sentenced defendant to an indefinite term of five to twenty-five years incarceration each on the aggravated burglary and kidnapping charges and an indefinite term of five to fifteen years incarceration on the felonious assault charge, to be served concurrently.
On February 21, 1997, defendant filed a motion for super shock probation. The State filed a memorandum in opposition to the motion asserting that the motion should be denied because the circumstances of the offense and defendant's actions during the proceedings indicate a strong likelihood that he would reoffend. The defendant's motion was denied one month later.
On February 9, 1999, defendant filed a motion to withdraw his guilty plea. The trial court denied defendant's motion without conducting an evidentiary hearing.
Defendant now appeals the trial court's denial of his motion to withdraw his plea and raises the following two assignments of error which assert:
 The trial court erred to the prejudice of the defendant-appellant by denying his motion to withdraw guilty plea.
 The trial court erred to the prejudice of the defendant appellant by failing to hold an evidentiary hearing with respect to defendant-appellant's motion to withdraw his guilty plea.
If the motion to withdraw a guilty plea is made after sentencing, a defendant has the burden of establishing the existence of manifest injustice. Crim.R. 32.1; State v. Smith
(1977), 49 Ohio St.2d 261, paragraph one of the syllabus. "The motion is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Smith, at 264. Thus, the trial court's denial of a motion to withdraw a previous plea of guilty will not be reversed absent an abuse of discretion. State v. Nathan (1995), 99 Ohio App.3d 722,725.
Generally, a hearing on a post-sentence motion to withdraw a plea "`is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn.'" Id. quoting State v. Hamed (1989), 63 Ohio App.3d 5,7; see, also, State v. Blatnik (1984), 17 Ohio App.3d 201.
Defendant makes three arguments in support of his first assignment of error. First, defendant contends that because the trial court did not inform him at the time his plea was entered of his constitutional right to confront the witnesses against him or his accusers, his plea was not made knowingly, intelligently and voluntarily. Defendant, in essence, argues that the trial court failed to comply with the mandates of Crim.R. 11(C)(2)(c) andBoykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709,23 L.Ed.2d 274.
In State v. Ballard (1981), 66 Ohio St.2d 473, 478, the Ohio Supreme Court held that:
 [A] guilty plea is constitutionally infirm when the defendant is not informed in a reasonable manner at the time of entering his guilty plea of his rights to a trial by jury and to confront his accusers, and his privilege against self-incrimination, and his right of compulsory process for obtaining witnesses in his behalf.
The best method of informing a defendant of those rights "is to use the language contained in Crim.R. 11(C)[.]" Id. at 479. However, the failure to do so is not fatal to the plea; rather, the plea will be upheld if the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant. Id. at 480.
The relevant portion of the transcript in this matter reads as follows:
 THE COURT: You have a right to a trial by a jury of twelve people or you can waive a jury trial and have a trial by the court. If you have a jury trial, all twelve jurors must agree before there can be a verdict. At a trial you and your attorney have the right to confront the witnesses and your attorney could cross-examine them. You also have the right to the use of subpoena for obtaining witnesses in your own behalf.
These statements, taken together, have the effect of informing the defendant of the adversarial nature of his right to confront witnesses against him or his accusers. Thus, we find that the trial court did inform the defendant in a reasonably intelligible manner of this constitutional right. Additionally, in his written guilty plea, the defendant acknowledged his understanding that he was waiving his right to confront the State's witnesses against him. We conclude that manifest injustice has not been demonstrated.
Defendant next challenges the constitutionality of Crim.R. 11 because it does not require the trial court to inform him that he had a right to remain silent during the Crim.R. 11 colloquy itself. See Brady v. United States (1970), 397 U.S. 742.
Here, the record shows that defendant answered affirmatively when asked whether he had time to discuss his guilty plea with his attorney and that his attorney explained to him the nature of the charges against him, the consequences of a plea of guilty, and his constitutional rights. Prior to accepting defendant's guilty plea, the trial court personally informed the defendant of his rights and the consequences of his plea, as required by Crim.R. 11, and determined that defendant's plea was "knowingly, intelligently, and voluntarily entered." Notwithstanding defendant's self-serving assertion that he would have chosen to remain silent, there is no indication in the record that he would not have pled guilty and instead would have chosen to remain silent. Moreover, the colloquy between the trial court and a defendant required by Crim.R. 11 "fully encompasses those procedural requirements established by the United States Constitution upon this issue." State v. Johnson (1988), 40 Ohio St.3d 130,133. Therefore, we conclude there was no violation of defendant's constitutional rights here.
Defendant next contends that a withdrawal of his plea is warranted because he was denied his right to effective assistance of counsel. First, the defendant alleges that his appointed counsel failed to make even a minimal effort to assess the merits of the case, to investigate the case and assess potentially exculpatory evidence, to advise him of the consequences of his plea, to discuss the merits of alternative strategies, and to present mitigating evidence. Specifically, defendant points to the remarks of his counsel to a newspaper reporter that "I think there were charges there he could [have] prevailed on" and that he questioned the burglary and kidnapping charges. Further, he points to counsel's response to the court whether he or defendant had any exculpatory evidence to present and counsel's response was "Not at this time."
In his "Affidavit of Verity," the defendant averred that the information contained in his motion was true and he could testify to the truth of the same. The defendant alleged he told his counsel that he had witnesses who would testify his ex-wife invited him to her house, let defendant in her house voluntarily, and that she was fine. Also attached to the motion is the affidavit of defendant professing his innocence to the crimes charged except that he had committed assault.
In order to prevail on a claim of ineffective assistance of counsel when entering a guilty plea, a defendant must show that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. State v. Xie (1992), 62 Ohio St.3d 521, 524.
At defendant's plea hearing, the trial court specifically inquired of defendant whether he had confidence in the advice counsel had given and whether he was pleading guilty voluntarily. Defendant answered affirmatively to these questions. Defendant also answered affirmatively that his attorney had explained the consequences of a guilty plea to him. Further, we note that defendant entered his plea as part of a negotiated plea agreement, wherein the State agreed to dismiss the nonprobational charge of rape. By his plea he faced minimum terms of incarceration of five years and would be eligible for probation. Pursuant to that agreement, the State did agree not to enhance two pending misdemeanor charges of violation of a civil protection order or to proceed on two additional felonies committed of the same offense. Counsel's remarks to the reporter followed the plea bargain and do not diminish the fact that defendant might have been convicted on the charge of rape. Thus, even accepting defendant's allegations as true, defendant has failed to demonstrate that there is a reasonable probability that he would not have pled guilty but for his counsel's misconduct.
Defendant also claims that he was denied the effective assistance of counsel because he was induced to plead guilty by false promises that he would be granted shock probation. The defendant alleged that his counsel told him that a "secret deal" was made with the prosecutor and the judge that defendant would be guaranteed "supershock" probation after serving six months of his sentence in exchange for his plea. According to defendant, his counsel also told him not to mention this "deal" during the plea proceeding. Defendant's motion was supported by an affidavit of his mother, Linda Sparling. Her affidavit indicates that defendant's counsel told her that "after 6 months he would get [defendant] out on Super Shock Probation." To further substantiate this allegation, defendant points to counsel's motion for super shock probation which states that "During plea negotiations the prosecution indicated it would not oppose the granting of super shock probation in this case."
However, at the change of plea hearing, the prosecutor stated, in no uncertain terms, that the State opposed any type of probation, both initial and shock. Defendant's counsel acknowledged to the trial court that it was his understanding of the extent of the plea negotiations. Again, defendant represented to the court that no promises, threats, or inducements had been made in order to get him to plead guilty. Additionally, this court notes that a substantial time period had passed between the trial court's denial of defendant's motion for shock probation and his motion to withdraw his guilty plea. See State v. Smith,supra, paragraph three of the syllabus (undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion).
Given the above scenario, we find that the allegations of an induced guilty plea are insufficient to rebut the record in the instant case. Accordingly, we find that the trial court did not err in denying defendant's motion to withdraw his plea of guilty without conducting an evidentiary hearing. Defendant's first and second assignments of error are overruled.
The judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.