OPINION
The defendant-appellant Dexter Bass ("appellant") appeals the judgment of the Allen County Court of Common Pleas overruling the appellant's motion to withdraw his guilty plea without first conducting an evidentiary hearing. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts of this case are as follows. On December 28, 1989, the appellant strangled and killed Emanuel Lester, the brother of his ex-fiancée. The appellant was indicted on one count of aggravated murder, in violation of R.C. 2903.01(A). On March 30, 1990, the appellant pled guilty to the lesser offense of murder and was sentenced to fifteen years to life in prison.
On June 16, 1999, the appellant filed a motion to withdraw his plea of guilty pursuant to Crim.R. 32.1. The appellant claims that his plea was not intelligently, knowingly and voluntarily entered due to the fact that his attorney failed to apprise him of the affirmative defense of insanity. The trial court denied the appellant's motion on June 22, 1999 without a hearing. It is from this judgment that the appellant now appeals asserting one assignment of error.
 Assignment of Error No. 1 The trial court abused its discretion by failing to conduct an evidentiary hearing before denying appellant's motion to withdraw guilty plea to determine if trial counsel's failure to inform appellant of defense of insanity, conduct an investigation into the possibility of an insanity plea, or consult a psychiatrist/psychologist to examine appellant "prior" to advising appellant to plead guilty due to the lack of a defense, rendered appellant's guilty plea unintelligently and unknowingly entered. [sic]
A motion to withdraw a plea of guilty is governed by the standards set forth in Crim.R. 32.1, which states:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
 In State v. Smith (1977), 49 Ohio St.2d 261, the Ohio Supreme Court stated that the burden of demonstrating a manifest injustice required by Crim.R. 32.1 permits a court to allow a withdraw of a guilty plea only in "extraordinary cases." The burden of demonstrating a "manifest injustice" rests with the defendant. Id. The decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court. Id. In exercising that discretion, the trial court is the court to resolve issues of credibility and the weight of the defendant's assertions in his motion. Id. Thus, this court will not reverse a trial court's denial of a motion to withdraw a plea of guilty absent an abuse of discretion on the part of the trial court. State v. Nathan (1995), 99 Ohio App.3d 722.
When a trial court reviews a motion to withdraw a guilty plea, it decides, based upon the allegations in appellant's motion, whether to hold an evidentiary hearing on the motion. Generally, a hearing on a post sentence motion to withdraw plea "is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn."Id. at 725.
Turning to the matter sub judice, the appellant must demonstrate an abuse of the trial court's discretion in not granting the appellant's motion to withdraw his plea of guilty. The only basis set forth by the appellant is that he was not informed of the affirmative defense of not guilty by reason of insanity by his trial counsel before he entered his plea of guilty; thus, his plea was not made voluntarily and intelligently.
In Ohio, a plea of not guilty by reason of insanity is an affirmative defense and the defendant has the burden of proving the defense by a preponderance of the evidence. State v. Curry
(1989), 45 Ohio St.3d 109. The appellant has offered no evidence, absent his own attempts at self-diagnosis, which indicates that he was criminally insane at the time of the crime. Without more, this Court cannot find that the trial court abused its discretion in denying the appellant a hearing in this matter. The appellant has offered no facts which, if accepted as true would require the court to permit his plea to be withdrawn. State v. Nathan,99 Ohio App. 3d at 725. Therefore, the appellant's basis for his motion to withdraw his plea does not demonstrate a "manifest injustice" as contemplated by Crim.R. 32.1.
Accordingly, the appellant's sole assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.