OPINION
Defendant-appellant, Ronald Shaffer, appeals from the judgment of the Marion County Court of Common Pleas which denied his motion for withdrawal of his guilty plea.
In 1987, defendant was indicted by the Marion County Grand Jury on six counts of rape in violation of R.C. 2907.02, twelve counts of gross sexual imposition in violation of R.C.2907.05(A)(3), and four counts of disseminating matter harmful to juveniles in violation of R.C. 2907.31. As part of a plea agreement, defendant pled guilty to five counts of rape, thirteen counts of gross sexual imposition, and two counts of dissemination of matter harmful to juveniles.
On May 18, 1999, defendant filed a pro se motion to withdraw his guilty plea on the rape charges. Along with his motion, defendant filed an affidavit and a transcript of the plea hearing held on August 10, 1987. Upon review of defendant's pleadings and the State's memorandum in opposition, the trial court denied defendant's motion without conducting an evidentiary hearing.
Defendant now appeals the trial court's denial of his motion to withdraw his plea and raises one assignment of error and three "issues presented for review" in this appeal. Defendant's assignment of error provides as follows:
 The trial court abused its discretion in denying appellant's motion to withdraw his plea of guilty, post-sentence, pursuant to Ohio Criminal Rule 32.1 when clearly a manifest injustice was shown by the appellant.
The first issue for review is as follows:
 The trial court erred, and abused its discretion by denying appellant's motion to withdraw his guilty plea without allowing appellant an opportunity to respond to the State's opposition, and in so doing denied appellant his right of due process protected by the United States Constitution's 5th, 6th, and 14th Amendments, and Ohio Constitution's Article I, Section 2, Section 10, and Section 16.
Defendant argues that because he was not provided an opportunity to respond to the State's memorandum in opposition to defendant's motion to withdraw, he was denied due process.
Crim.R. 32.1, which provides for the withdrawal of a guilty plea, states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Additionally, Crim.R. 47 provides in part:
 To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.
Local Rule IV of the Rules of Court of Marion County Court of Common Pleas provides in pertinent part:
 (A) Counsel filing any motion shall file with such motion, a brief containing a statement of authorities and arguments relied upon; in default thereof the motion, may be overruled or stricken from the files, except in the case of a motion for a new trial.
 (B) Opposing counsel may file a brief at any time prior to hearing date unless the court by order directs such brief to be filed earlier.
 (C) All motions when filed will be considered submitted unless oral hearing is requested by an interested party or by the court. In event that a hearing for the purposes of oral argument is held the parties will be notified thereof by an entry, a notice from the assignment clerk or by notice attached to the original motion.
The essential requirements of due process under the Ohio and United States Constitutions are notice and an opportunity to be heard at a meaningful time and in a meaningful manner. State v.Hochhausler (1996), 76 Ohio St.3d 455, 459.
In the present case, defendant filed a pro se motion to withdraw his guilty plea. The basis of his motion was that he did not know the nature of the rape charges. Upon review of defendant's pleadings and the State's memorandum in opposition thereto, the trial court denied defendant's motion. Given that there is no requirement to provide an opportunity for the movant to respond to the State's memorandum in opposition and the trial court having considered all appropriate pleadings, we conclude that defendant's due process rights were not violated by the trial court's failure to consider his response, which was filed following the trial court's entry denying the defendant's motion. Accordingly, defendant's first issue is not well taken.
Defendant's remaining two issues are interrelated and will be discussed together. They provide as follows:
 Trial court abused its discretion when it denied appellant's motion to withdraw his guilty plea without first holding an evidentiary hearing to determine the claimed manifest injustice.
 The trial court erred, and abused its discretion when it denied appellant's motion to withdraw his plea of guilty when a full and complete hearing pursuant to Ohio Criminal Rule 11 was not had by the appellant upon entering of his plea.
If the motion to withdraw a guilty plea is made after sentencing, a defendant has the burden of establishing the existence of manifest injustice. Crim.R. 32.1; State v. Smith (1977), 49 Ohio St.2d 261
paragraph one of the syllabus. "The motion is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Smith, at 264. Thus, the trial court's denial of a motion to withdraw a previous plea of guilty will not be reversed absent an abuse of discretion. State v.Nathan (1995), 99 Ohio App.3d 722, 725.
In State v. Nathan, this court held that generally a hearing on a post-sentence motion to withdraw a plea "`is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn.'" Id. quotingState v. Hamed (1989), 63 Ohio App.3d 5, 7; see, also, State v.Blatnik (1984), 17 Ohio App.3d 201. Nevertheless, it has been held that "a post-sentence motion to withdraw a plea of guilty or no contest is ordinarily subject to denial without a hearing when the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." State v. Cosavage (June 28, 1995), Summit App. Nos. 17074 and 17075, unreported, at 2.
The defendant claims his co-defense counsel failed to inform him of the nature of the charges of rape. Additionally, defendant argues that the trial court failed to determine through the colloquy with defendant whether he understood the nature of these charges as required under Crim.R. 11.
Crim.R. 11 provides in pertinent part:
(C) Pleas of guilty and no contest in felony cases.
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved[.] (Emphasis added.)
In determining whether a defendant understands the nature of the charge, the trial court need not always recite the elements of the crime as long as the totality of the circumstances surrounding the plea are such that the court is warranted in making a determination that the defendant understands the charge. State v. Rainey (1982),3 Ohio App.3d 441, 442. Therefore, under the totality of the circumstances test, substantial compliance with Crim.R. 11 can be shown. State v. Nero (1990), 56 Ohio St.3d 106,108-109.
In the present case, the defendant entered his plea on the day the case was set for a jury trial. The transcript of the change of plea hearing indicates that the prosecutor and the trial court informed the defendant he was pleading guilty to five counts of rape, thirteen counts of gross sexual imposition and two counts of dissemination. The trial court specifically asked defendant whether he was represented by counsel and had counseled with them. Defendant answered affirmatively to these questions. Defendant also answered affirmatively that he understood that by pleading guilty to the counts at issue that he was admitting the elements of each and every one of the crimes. Additionally, we note that the defendant acknowledged in his written guilty plea that he had reviewed the facts and law of the case with his counsel. His attorneys' statement on that written plea form confirms the same. As the record reveals, the State had provided defense counsel a bill of particulars that specified the facts regarding each of the counts in the indictment and that specifically described the type of sexual conduct relevant to the rape charges, which included both fellatio and anal intercourse. Finally, this court notes that defendant spent almost twelve years in prison before advancing arguments of ineffective assistance of counsel and that he did not understand the rape charges. See State v. Smith,supra, paragraph three of the syllabus.
Upon consideration of the entire record of the proceedings before the trial court, we find that the trial court properly determined that defendant understood the nature of the rape charges. We also reject defendant's contention that he was denied effective assistance of counsel on this basis. Thus, even accepting defendant's allegations as true, the allegations are insufficient to overcome the record in the instant case and require the trial court to hold an evidentiary hearing. Defendant's assignment of error is overruled.
Accordingly, we affirm the trial court's judgment denying defendant's motion to withdraw his guilty plea.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.