OPINION
Defendant-appellant Christopher Roeder ("Roeder") brings this appeal from the judgment of the Court of Common Pleas of Allen County denying his motion to withdraw his guilty plea.
On November 16, 1990, Roeder pled guilty to one count of rape. Roeder was sentenced to serve eight to twenty-five years in prison on December 20, 1990. On August 4, 2000, Roeder filed a motion requesting leave to file a motion to withdraw his guilty plea. The trial court granted leave to file the motion on June 28, 2001. On July 31, 2001, the trial court denied Roeder's motion to withdraw his guilty plea. It is from this judgment that Roeder appeals.
Roeder raises the following assignments of error.
 The trial court erred in holding that it was in substantial compliance with [Crim.R. 11] when the trial court failed to inform Roeder that he was not eligible for probation.
 Roeder was denied the effective assistance of counsel when counsel allowed Roeder to plead guilty without first making sure that Roeder had a complete understanding of the nature of the charges that he was pleading guilty to.
CrimR. 32.1 provides as follows:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
 The burden of demonstrating a manifest injustice requiring a withdrawal of the plea rests on the defendant. State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. A post-sentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court and will not be overturned absent an abuse of discretion. State v. Blatnik (1984), 17 Ohio App.3d 201, 478 N.E.2d 1016.
Here, Roeder claims that the trial court did not substantially comply with Crim.R. 11 because it did not inform him that he was not eligible for probation. Roeder argues that if he had known he was not eligible for probation, he would not have pled guilty. The trial court specifically informed Roeder that he "could be sentenced to a minimum of either five, six, seven, eight, nine or ten to twenty-five years" in prison. Transcript, 10. When asked if he understood the potential sentences, Roeder responded in the affirmative. Although the trial court did not state that Roeder was not eligible for probation, there was no objection by Roeder until approximately ten years had passed. "A failure to assert an alleged error in the trial court waives that error on appeal, unless, but for the error, the outcome of the trial court's decision would have been different." State v. Nathan (1995),99 Ohio App.3d 722, 728, 651 N.E.2d 1044, 1048. We note that during the sentencing hearing, Roeder did not argue that he was eligible for probation. We also note that former R.C. 2951.02(F)(4) prohibits Roeder from being placed on probation. In this case, Roeder does not claim that he did not commit the offense of which he was convicted. Thus, there is no reason to believe that had the trial court told him he was not eligible for probation, the result would have been any different. Nor can we find that the alleged error by the trial court resulted in a manifest injustice. Therefore, the first assignment of error is overruled.
In the second assignment of error, Roeder claims that his trial counsel was ineffective.
 When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.
 On the issue of counsel's effectiveness, the appellant has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. * * * [T]he initial burden [is placed] upon the appellant since, * * * [t]o impose automatically the initial burden of proof on the state * * * would penalize the prosecution for acts over which it can have no control.
 State v. Jackson (1980), 64 Ohio St.2d 107, 110-11, 413 N.E.2d 819, 822.
Here, Roeder claims that his attorney was ineffective because he did not inform Roeder that force or threat of force is an element of the crime charged. However, the guilty plea was the result of a plea agreement that avoided Roeder being charged with the rape of a child under the age of thirteen and requiring a mandatory life sentence. At the hearing, Roeder acknowledged receiving the bill of information and waived the reading of it. The bill of information states that force or threat of force is an element of the offense. The record clearly indicates that defense counsel arranged a plea agreement that substantially reduced the potential sentence Roeder could have served and the number of charges brought against him. In the waiver of the indictment, Roeder indicated that he knew that he was being charged with rape and that he had been advised by his counsel of the nature of the offense. Given the record before us, we cannot find any evidence that defense counsel violated his essential duties. He arranged the plea agreement and made arguments in mitigation of the maximum sentence possible. He also made arguments that Roeder should receive treatment. Thus, we cannot find that defense counsel was ineffective. The second assignment of error is overruled.
The judgment of the Court of Common Pleas of Allen County is affirmed.
WALTER, P.J., and HADLEY, J., concur.