OPINION
Defendant-appellant, Michael Wesseler, appeals the denial of his motion to withdraw his no contest plea.
In 1996, appellant was indicted on one count each of felonious assault with a firearm specification, trafficking in marijuana, and having weapons under disability. After an unsuccessful attempt to suppress evidence seized during a search of his home, appellant entered a no contest plea, was found guilty and sentenced, and filed a direct appeal of the trial court's ruling on his motion to suppress. See State v.Wesseler (Feb. 17, 1998), Butler App. No. CA96-07-131, unreported (denial of motion to suppress affirmed), jurisdictional motion overruled,82 Ohio St.3d 1413.
On June 28, 2001, appellant filed a pro se motion to withdraw his no contest plea claiming that because of ineffective assistance of counsel he did not knowingly, intelligently, or voluntarily enter the plea. The trial court denied appellant's motion without a hearing and, in a timely appeal, appellant submits two assignments of error for review:
Assignment of Error No. 1:
 THE TRIAL COURT COMMITED PLAIN ERROR IN DENIEING [sic] RELIEF THAT WAS REQUESTED IN APPELLANT'S 32.1 MOTION TO WITHDRAW NO CONTEST PLEA; PURSUANT TO Cr.R. [sic] 52(B).
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED IT'S [sic] DISCRETION IN DENIEING [sic] THE RELIEF REQUESTED; WHEREIN, THE APPELLANT SUBMITTED SUFICIENT [sic] OPPERABLE [sic] FACTS TO DEMONSTRATE THAT A MANIFEST INJUSTICE EXISTS.
The first assignment of error suggests the trial court committed plain error in denying appellant's motion to withdraw his no contest plea.
Appellant's motion was filed more than three years after his direct appeal was decided. When the accused files a motion subsequent to the direct appeal seeking to vacate or correct his sentence on the basis that his constitutional rights have been violated, the motion is one for postconviction relief as defined in R.C. 2953.21, notwithstanding the caption or title given to it by the defendant. State v. Reynolds (1997),79 Ohio St.3d 158, syllabus; State v. Raypole (Nov. 15, 1999), Fayette App. No. CA99-05-012, unreported.
Under R.C. 2953.21(A)(2), a petition must be filed within one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal.[1] A petition filed beyond the deadline may not be considered unless the accused demonstrates either: (1) he was unavoidably prevented from discovering the facts upon which he must rely to present his claim for relief, or (2) subsequent to the deadline, the United States Supreme Court recognized a new federal or state right that applies retroactively to individuals such as the accused. R.C. 2953.23(A)(1). The accused must also show by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found him guilty of the offense for which he was convicted. R.C. 2953.23(A)(2).
Appellant simply has not satisfied the prerequisites for filing an untimely petition for postconviction relief under R.C. 2953.23(A). A court lacks jurisdiction to consider an untimely petition where there is a failure to meet these criteria. State v. Hill (1998),129 Ohio App.3d 658, appeal not allowed (1999), 84 Ohio St.3d 1470. Accordingly, the trial court did not commit plain error in denying appellant's motion. The first assignment of error is overruled.
Appellant's second assignment of error claims the trial court abused its discretion by denying his motion to withdraw his plea.
If, for purposes of this assignment of error, we were to treat the motion as a post-sentence motion to withdraw a guilty or no contest plea, such a motion will be granted only to correct a manifest injustice. Crim.R. 32.1. The burden of demonstrating a manifest injustice is upon the defendant, State v. Blatnik (1984), 17 Ohio App.3d 201, and will result in the withdrawal of a plea only in extraordinary cases. Statev. Smith (1977), 49 Ohio St.2d 261.
"When a trial court reviews a motion to withdraw a * * * plea, it decides, based upon the allegations in [the] motion, whether to hold an evidentiary hearing on the motion." State v. Nathan (1995),99 Ohio App.3d 722, 725, appeal not allowed (1995), 74 Ohio St.3d 1403. Generally, a hearing is "required if the facts alleged by the defendant and accepted as true would require to the court to permit that plea to be withdrawn." Id., citing State v. Hamed (1989), 63 Ohio App.3d 5, 7.
Appellant argues that he submitted sufficient operable facts to demonstrate that his plea was not knowingly, voluntarily, or intelligently made. These allegations are clearly refuted in the transcript of proceedings from appellant's May 28, 1996 plea hearing. Appellant acknowledged that he understood the nature of the crimes to which he was pleading, was advised of the potential penalties, and informed of the rights he would be surrendering by asserting a plea. The record clearly contradicts appellant's assertions as the colloquy between the trial court and appellant demonstrates compliance with Crim.R. 11 and reflects a knowing, voluntary and intelligent plea.
Thus, the trial court did not abuse its discretion either in refusing to conduct a hearing on appellant's motion or in denying the motion on its merits. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.
[1] The transcript of proceedings was filed on August 28, 1996, and the one hundred eighty-day limit of R.C. 2953.21(A)(2) expired on February 24, 1997. Appellant's motion was filed more than four years later.