The majority opinion offers a well-reasoned effort to accommodate the position taken by some courts that Crim.R. 32.1 motions are to be governed by the same principles and time limits which govern the Post Conviction statutes. However, I agree with the majority statement that this position is founded upon an unreasonable interpretation of the Supreme Court's decision in Reynolds, supra. Maj. Op. at 11.[3] As a result, I do not believe it is necessary or advisable to accommodate an unsound interpretation by imposing restrictive doctrine upon Crim.R. 32.1 which has heretofore not been an integral part of the rule language or the case authority interpreting it.
In sum, I remain unconvinced that a post-sentence Crim.R. 32.1 motion is to be governed by anything other than the unique manifest injustice standard set forth in Crim.R. 32.1 itself and the well established case authority interpreting that standard under the rule. Under that case authority, and representing in my view the better approach, traditional concepts of waiver, failure to properly preserve a record and failure to raise an issue in a timely manner have not been considered determinativeper se, but as factors to be considered, along with others such as the prospective merits, in evaluating the overall credibility of the manifest injustice claim and the trial court's exercise of discretion in denying a Crim.R. 32.1 motion. See for example, State v. Nathan (1995),99 Ohio App.3d 722; State v. Kattleman ( Nov. 28, 2000), Auglaize App. No. 2-2000-25 at *2; State v. Pelland (Nov. 8, 2000), Defiance App. No. 4-2000-13 at *2-4; State v. Warwick (2002), Logan App. No. 8-2001-28, at *2-3.
I concur with the majority opinion to the extent that the doctrine ofres judicata would clearly apply to successive motions under Crim.R. 32.1, where for example, there has been a final adjudication upon a previous motion to withdraw a guilty plea. See State v. Cale (March 23, 2001), Lake App. No. 2000-L-034 at 3. Moreover, as noted by the majority, the Ohio Supreme Court may at some point determine that further restricting of the opportunity to withdraw a guilty plea, whether as to time or character of proof, is a legitimate judicial goal. However, I presently see nothing in the language of Crim.R. 32.1 or in the case authority underlying the Rule, which would indicate that the principles of res judicata should be the sole measure of manifest injustice. In my view, the majority approach effectively alters the language of Crim.R. 32.1 and unnecessarily reduces the flexibility of the trial court to address unanticipated factual situations in considering what may or may not constitute manifest injustice under the Rule. For these reasons, I respectfully dissent. I would consider the merits of the assigned errors based upon the standards for manifest injustice and abuse of discretion as provided under Crim.R. 32.1.
[3] See, State v. Bush, supra, Shaw dissenting.