OPINION
{¶ 1} This case comes to us on remand from the Ohio State Supreme Court. The defendant/appellant, Amy Sue Northern, appeals pro se from the judgment of the Allen County Court of Common Pleas denying her motion to withdraw her guilty plea and order a new trial. Finding none of the arguments advanced on appeal to have merit, we affirm the trial court's decision.
 {¶ 2} The relevant facts and procedural history in this case are as follows. In June of 1990, the appellant was indicted on one count of aggravated murder, in violation of R.C. 2903.01(A). Pursuant to a negotiation with the State, on November 6, 1990, the appellant pled guilty to an amended charge of murder, in violation of R.C. 2903.02. The appellant was sentenced to fifteen (15) years to life. The appellant did not file a direct appeal in this matter.
 {¶ 3} On June 26, 2000, the appellant was considered for parole but was denied it in part or in whole because of her parole eligibility "score," which was based upon the Ohio Adult Parole Authority Guidelines, which had taken effect on March 1, 1998. The appellant's offense behavior rating was a Category 13, putting her in a guideline range of 300 months to life. However, due to her cooperation with authorities, she was given a departure of 60 months. The appellant will next be considered for parole after she has served 240 months.
 {¶ 4} On November 15, 2000, the appellant filed a motion to withdraw her guilty plea. The appellant contends that the State of Ohio, through the Adult Parole Authority ("APA"), violated the terms of the plea agreement by classifying her according to the charge for which she was originally indicted, aggravated murder, rather than murder, the charge to which she actually pled. The appellant maintains that the standards set by the APA in reviewing her parole eligibility were unfair and rendered her guilty plea less than knowing, intelligent and voluntary.
 {¶ 5} The trial court denied the appellant's motion on December 13, 2000, without hearing. We originally addressed the appellant's appeal in a June 14, 2001 opinion.[1] Therein, we declined to address the merits of the appellant's case because we found that procedural defects existed. Our original opinion was reversed and remanded on the authority of State v. Bush;[2] consequently, we now undertake the appellant's original two assignments of error. Because the appellant's two arguments are coextensive, we will address them together for the sake of clarity and brevity.
 ASSIGNMENT OF ERROR NO. I {¶ 6} "The trial court erred to the prejudice of the appellant when it overruled the appellant's Motion to Withdraw Guilty Plea where the evidence demonstrates that the state has materially violated the explicit and implicit terms of the appellant's plea agreement to be convicted of and punished for a lesser offense than the originally indicted offense; where the appellant's postsentence circumstances demonstrate the existence of a manifest injustice; and where the breach of plea agreement has rendered the appellant's guilty plea less than a knowing, voluntary, and intelligent plea."
 ASSIGNMENT OF ERROR NO. II {¶ 7} "The trial court erred to the prejudice of the appellant when it denied appellant's Motion to Withdraw Guilty Plea without a hearing."
 {¶ 8} Crim.R. 32.1 governs the post-sentence withdrawal of pleas and states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 9} The defendant seeking to withdraw a plea of guilty after the imposition of sentence carries the burden to establish the existence of a manifest injustice.[3] "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court."[4] The rationale behind this standard is to prevent defendants from pleading guilty to "test the weight of a potential punishment."[5] Thus, Crim.R. 32.1 motions should be granted only in the most extraordinary cases.[6]
Furthermore, the trial court may dispose of such a motion without an evidentiary hearing if, taking the facts alleged by the defendant as true, the defendant still would not have met his burden of demonstrating a manifest injustice.[7]
 ¶ 10 As the reviewing court, we examine the trial court's denial of a defendant's post-sentence plea withdrawal under an abuse of discretion standard.[8] An abuse of discretion "connotes more than an error of law of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[9]
 ¶ 11 The appellant's argument on appeal is based on the changes that have occurred with regards to the APA's internal guidelines relating to parole eligibility since the time of her conviction. Essentially, the appellant asserts that the APA, as an agent of the State of Ohio, has breached the terms of her contractual plea agreement by making it impossible for her to be released at the time which she anticipated when she entered her guilty plea.
¶ 12 We previously addressed this issue in the cases of State v.Shaner[10] and, more recently, in State v. Layne.[11] In resolving those cases, we first noted that the APA is not limited by the plea agreement between a defendant and the state when determining an offender's eligibility for parole, because Ohio Administrative Code5120:1-1-07 governs the factors the APA shall consider.[12] We also noted that because the defendants voluntarily pled guilty and were advised of their rights pursuant to Crim.R. 11(C) and because there was no evidence of an agreement reached concerning the minimum sentence that the defendants would serve, the state fulfilled its agreement on the date that the convictions and sentences were journalized.[13] Under those circumstances, we held that a trial court does not abuse its discretion in determining that the basis for a defendant's post-sentence plea withdrawal does not demonstrate a manifest injustice.
¶ 13 A review of the record in the instant case reveals no evidence that the appellant and the state entered into an agreement concerning the minimum sentence she would serve. Rather, the negotiated plea agreement declared that the state would agree to a finding of guilt on a charge of Murder rather than Aggravated Murder, for which the appellant was originally charged. Therefore, the state satisfied its requirements under the agreement on the date the trial court journalized the appellant's conviction and sentence and the APA's actions subsequent to that date have no impact on the original agreement. As such, the trial court did not err in overruling the appellant's motion to withdraw her plea. Also, because even taking the facts alleged by the defendant in her motion to withdraw her plea as true, she still cannot demonstrate a manifest injustice, the trial court did not err in denying her motion without a hearing.
¶ 14 Accordingly, the appellant's two assignments of error are not well taken and are therefore overruled.
¶ 15 Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 WALTERS and BRYANT, J.J., concur.
[1] State v. Northern (June 14, 2001), Allen App. No. 1-01-01.
[2] 96 Ohio St.3d 235, 2002-Ohio-3993.
[3] State v. Smith (1977), 49 Ohio St.2d 261, at paragraph one of the syllabus.
[4] Id., at paragraph two of the syllabus.
[5] Id., at 264.
[6] Id.
[7] See State v. Hamed (1989) 63 Ohio App.3d 5, 7.
[8] State v. Nathan (1995), 99 Ohio App.3d 722, 725.
[9] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, quoting Statev. Adams (1980), 62 Ohio St.2d 151, 157.
[10] (July 27, 2000), Logan App. Nos. 8-99-16 8-99-17.
[11] (May 29, 2001), Marion App. No. 9-2001-06. We note that we certified Layne as being in conflict with Randolph v. Ohio Adult ParoleAuth. (June 29, 2001), Montgomery App. No. 99 CA 17. Resolution of this conflict is now pending before the Ohio State Supreme Court.
[12] Id., citing Shaner, supra.
[13] Id.