DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Ottawa County Municipal Court which denied the motion of pro se defendant-appellant, Brent N. Wissman, to vacate his plea of guilty to the charges of operating a motor vehicle while under the influence of alcohol and speeding. Although appellant has not expressly set forth an assignment of error, he contends that the trial court's denial of his motion to vacate was in error because, *Page 2 
when he entered his plea, the lower court magistrate misinformed him as to the effect an Ohio conviction would have on his Michigan driver's license.
 {¶ 2} The facts of this case are as follows. On September 16, 2007, appellant was stopped for speeding at approximately 4:00 a.m., in Ottawa County. Upon contact with appellant, the arresting trooper observed the odor of an alcoholic beverage and bloodshot, glassy eyes. The trooper then conducted field sobriety tests on appellant, which appellant did not successfully complete. Appellant was arrested and taken to the Port Clinton police station where he blew a .099 on a breath alcohol testing machine. Appellant is a resident of Michigan and is employed as a driver for an armored truck service.
 {¶ 3} On September 17, 2007, appellant appeared before an Ottawa County Municipal Court magistrate on the pending charges. The court informed appellant of the charges against him and the possible penalties the charges carried. The court then asked appellant if he had received a copy of the ticket and if he had seen the video that the court shows to defendants regarding their rights. Appellant answered "yes" to both questions. The court then asked appellant if he wanted a continuance to consult with an attorney. Appellant answered that he did not. The court then informed appellant that he could plead guilty, not guilty or no contest to each of the charges. Appellant responded that he wished to plead guilty to both charges. The court then informed appellant of the consequences of his guilty pleas and informed him of the rights he was waiving. Appellant responded that he understood those rights. In addition, appellant signed in *Page 3 
open court a waiver of his right to counsel, a waiver of jury trial, a consent to have his case heard by a magistrate, and a waiver of his right to object to the sentence and/or decision rendered by the magistrate.
 {¶ 4} After covering all of the above, the court found appellant guilty of both charges and asked him if he had anything he wanted to say. Appellant responded: "I was curious about my Michigan's driver's license because it is required for my job back home to get me into the Federal Reserve and Co-America's Banks. It is part of my job working with the Armor Truck Company out of Madison Heights. I was also curious how this will affect me back home."
 {¶ 5} The court answered: "As far as, Michigan is not a Compact state. As far as effect on your Michigan privileges, you probably should consult with Michigan counsel on that. We obviously will deal with the license suspension in terms of your privileges to operate a vehicle within Ohio."
 {¶ 6} Thereafter, the court imposed sentence and the case was concluded.
 {¶ 7} On November 5, 2007, appellant filed a motion to vacate his guilty plea to correct a manifest injustice. Appellant asserted that in previously pleading guilty, he had asked the court what effect the Ohio sanctions would have on his Michigan driver's license and that the court advised him that no action would be taken on his Michigan driver's license as a result of the plea. Nevertheless, he received an order from the Michigan Secretary of State suspending his driving privileges outright from October 28 through November 26, 2007, and then with work privileges until April 24, 2008. *Page 4 
Appellant asserted that if he had known his Michigan driving privileges would be suspended, he would not have pled guilty to the charges. He therefore asked that his pleas be set aside. In a judgment entry of April 2, 2008, the lower court denied appellant's motion to vacate, finding no manifest injustice necessitating the withdrawal of the plea. It is from that judgment that appellant now appeals.
 {¶ 8} In his sole assignment of error appellant asserts that the lower court erred in denying his motion to vacate his guilty pleas.
 {¶ 9} A motion to withdraw a guilty plea is governed by Crim. R. 32.1 which provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." What constitutes "manifest injustice" has been "variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." State v. Smith (1977),49 Ohio St.2d 261, 264. Whether the movant has demonstrated a manifest injustice is addressed to the sound discretion of the trial court. Id. at paragraph two of the syllabus. Therefore, an appellate court will not reverse a trial court's denial of a motion to withdraw a guilty plea absent an abuse of discretion. State v. Nathan (1995),99 Ohio App.3d 722, 725. An abuse of discretion connotes more than an error of law or judgment; it implies that the action of the trial court was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. *Page 5 
 {¶ 10} Appellant asserts that he entered his guilty pleas after the magistrate represented that Michigan was not a compact state. Appellant understood this to mean that Ohio would not share information with Michigan regarding the traffic offenses at issue and that his Michigan driver's license would therefore not be affected by the Ohio convictions.
 {¶ 11} We note that the lower court magistrate was correct when he told appellant that Michigan is not a compact state. See R.C. 4510.61. Nevertheless, contrary to appellant's assertion, the record reveals that appellant entered his guilty pleas before asking how the convictions would affect his driving privileges in Michigan. Moreover, the magistrate clearly informed appellant that he should consult with a Michigan attorney regarding whether the Ohio convictions would affect his Michigan driving privileges. Under these circumstances, we cannot say that the lower court abused its discretion in denying appellant's motion to withdraw his guilty pleas, and the sole assignment of error is not well-taken.
 {¶ 12} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Ottawa County Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24.
JUDGMENT AFFIRMED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, J., Arlene Singer, J. and Thomas J. Osowik, J., concur. *Page 1