OPINION
This appeal is taken by Defendant-Appellant Todd Tackett from the judgment entered on January 26, 2001 in the Shelby County Court of Common Pleas. We affirm the ruling of the trial court and remand for sentencing in accordance with this opinion.
Todd Tackett was arrested on July 7, 2000 in Sidney, Ohio when a state trooper observed him speeding and driving erratically. A grand jury indicted Tackett on one count of driving under the influence in violation of R.C. 4511.19(A)(1). The charge was a fourth degree felony due to Tackett's three DUI convictions within the previous six years. Upon his arraignment, Tackett obtained legal counsel, attorney Lynn Swinger, who subsequently filed a motion to suppress the results of a horizontal gaze nystagmus (HGN) test administered to the Tackett at the scene of the arrest. Swinger was successful in this motion; the test results were suppressed and a trial date was set. Fueled by this victory, Swinger began negotiating a plea agreement with the prosecutor. Again, Swinger was successful. In exchange for Tackett's guilty plea, the prosecutor agreed to recommend to the court that Tackett receive the minimum sentence, that incarceration would commence after January 1, 2001 and that the Defendant's vehicle would not be forfeited. On the advice of Swinger, Tackett agreed to these terms and filed a Petition to Enter a Plea of Guilty one day prior to the start of trial. The petition contained a signed statement by Tackett indicating, inter alia, that he understood that the maximum penalty he faced was 30 months incarceration and a $10,000 fine. The signed petition also indicated that Tackett was aware that the offense carried a mandatory prison term. Upon receiving the petition to enter a plea of guilty, the trial court conducted a hearing in accordance with Criminal Rule 11(C)(2). Tackett participated fully in the hearing and acknowledged his rights and his intent to waive them. However, during the hearing, the trial judge inadvertently misspoke as to the maximum possible sentence facing Tackett when it specified that his crime carried a maximum term of 18 months in prison and a fine of up to $5,000. Neither the State nor defense counsel caught the error and thus it went uncorrected. The trial court accepted the guilty plea and sentencing was set for a time to be determined after the completion of a pre-sentence investigation.
At this time, Tackett, believing that his attorney, Swinger, had failed to provide him with adequate representation, sought the advice of other counsel. He spoke with at least three other attorneys and then terminated the relationship with Swinger. Tackett hired attorney Jonathan Richard who appeared in court on January 26th, the day of sentencing, and filed a motion to withdraw Tackett's guilty plea. Tackett asserted that the guilty plea was not given knowingly, intelligently and voluntarily since the court misspoke as to the maximum possible sentence. The trial court conducted a full hearing into this matter and then denied the request. It is from this judgment that Tackett appeals.
Tackett raises the following assignments of error:
 I.The trial court abused its discretion in not permitting the Defendant-Appellant to withdraw his previous plea of guilty prior to sentencing
 II. The Defendant-Appellant did not enter his guilty plea knowingly, intelligently, or voluntarily as the trial court failed to properly inform the Defendant-Appellant of his rights and penalties as required by Ohio Criminal Rule 11.
 In order to facilitate a logical analysis of the issues we will address Tackett's second assignment of error first. Tackett, in this assignment of error, contends that he did not enter his guilty plea knowingly, intelligently, or voluntarily. We disagree.
Criminal Rule 11(C)(2) provides:
 "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
 Tackett argues that the trial judge failed to meet the requirements of CrimR.11(C)(2) by misstating the maximum possible sentence and by failing to inform him that by pleading guilty to this offense, his next DUI would be a third degree felony. This court fails to see the merit in these claims. We have consistently held that with respect to non-constitutional rights, the standard for Crim.R.11 is "substantial compliance" so that "no prejudicial effect occurs before a guilty plea is accepted." State v. Avery (Feb. 12, 1998), Union App. No. 14-97-28, unreported, citing State v. Stewart (1977), 51 Ohio St.2d 86, 93, 364 N.E.2d 1163. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.
In Avery this court held that a "mere allegation with nothing more is insufficient" to negate a waiver and a plea. Avery at *8. Avery alleged that the trial court failed to obtain an affirmative answer to a question involving a non-constitutional right therefore making his guilty plea invalid. We rejected Avery's assertion because he failed to allege that the act of omission by the court prejudiced him in any way. Likewise, in the case at bar, Tackett has failed to allege any prejudice caused by the trial judge's misstatement of the maximum possible sentence. The actual sentence handed down by the court did not exceed the mistaken term. In fact, Tackett was sentenced to the minimum sentence available, a term of the plea bargain to which he was a party. Tackett asserts that had he known the correct maximum sentence he would not have gone through with the guilty plea. The evidence in the record does not support such an assertion. Prior to offering the guilty plea to the court, Tackett signed a written document in which he acknowledged the correct maximum possible sentence. Hearing it from his attorney and seeing it on paper did not cause him to change his mind so it is unrealistic to conclude that hearing it from the judge would have suddenly caused Tackett to balk at the deal. The record clearly illustrates that the trial judge engaged in a meaningful dialog with Tackett to the satisfaction of CrimR.11(C)(2). The inadvertent misstatement by the judge did not prejudice Tackett nor did it impact his decision to enter a guilty plea.
Finally, Tackett's assertion that the trial judge was under some obligation to explain the impact that his guilty plea would have on future violations of R.C. 4511.19 is unsubstantiated by the language of CrimR.11(C)(2) or by relevant case law. We find that Tackett's guilty plea was offered knowingly, intelligently, and voluntarily and that the trial judge substantially complied with the statutory guidelines for accepting a guilty plea. Accordingly, Tackett's second assignment of error is overruled.
In his first assignment of error Tackett alleges that the trial court abused its discretion by not allowing him to withdraw his guilty plea. Once again, we disagree.
In State v. Xie (1992) 62 Ohio St.3d 521, 584 N.E.2d 715 the Ohio Supreme Court held that " a presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing." A motion to withdraw a guilty plea made pursuant to Crim R 32.1 is left to the sound discretion of the trial court to determine the good faith, credibility and weight of the movant's assertions. State v. Smith (1977) 49 Ohio St.2d 261, 361 N.E.2d 1324. Denial of motion to withdraw plea of guilty will not be reversed absent abuse of discretion. State v. Nathan (1995), 99 Ohio App.3d 722,651 N.E.2d 1044. An abuse of discretion will be found when a trial court's ruling is "unreasonable, arbitrary, or unconscionable." State v.Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144,149.
We can find no abuse of discretion by the trial court in this matter. Rather, upon presentation of the motion to withdraw the guilty plea the trial court entertained an exhaustive inquest into the merits of such a motion. The court went through a nine-factored analysis presented by the defense that it was not under any legal obligation to conduct.[1] The trial court found that the plea had been knowingly, intelligently, voluntarily entered, that Tackett had failed to articulate any meaningful reasons for the withdrawal of the plea, and that Tackett had been adequately represented by counsel at the time the guiltily plea was entered. The extent of the consideration given by the trial court to the motion coupled with the reasonable conclusions articulated at the hearing simply does not give rise to an abuse of discretion. Accordingly, the first assignment of error is overruled.
Finally, this court is compelled to address a matter the State casually mentions in the conclusion to its brief. According to R.C. 4511.99, Tackett's offense carries a mandatory minimum sentence of sixty days incarceration. The trial judge correctly sentenced Tackett at the January 26, 2001 sentencing proceeding to sixty days in the Shelby County Jail. See transcript, hearing of January 26, 2001, p. 71. However, the subsequent judgment entry filed on February 1, 2001 incorrectly indicates a sentence of ten days in county jail. Since the judgment entry does not follow the statutory guidelines and imposes a void sentence, this court must remand for resentencing in accordance with the statutory requirements. See State v. Beasly (1984), 14 Ohio St.2d 74, 471 N.E.2d 774.
The judgment of the Court of Common Pleas of Shelby County is therefore affirmed in part and remanded for resentencing in accordance with this opinion.
WALTERS, P.J., and SHAW, J., concur.
[1] The trial court considered (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge. State v. Fish (Ohio 1 Dist, 1995), 104 Ohio App.3d 236,240, 661 N.E.2d 788, 790.