This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Eugene Mitchell (hereinafter "Mitchell"), appeals the trial court's decision denying his motion to continue a suppression hearing and denying his post-sentencing motion to withdraw his plea of no contest. For the following reasons, we conclude the trial court did not abuse its discretion, either when it denied Mitchell's motion to continue a suppression hearing, or when it denied his motion to withdraw his plea of no-contest. Therefore, we affirm the trial court's decision.
On October 28, 1997, Mitchell was charged with four counts: 1) driving under the influence of alcohol in violation of R.C. 4511.19(A)(1); 2)driving outside of a marked lane in violation of R.C. 4511.33; 3) using weapons while intoxicated in violation of R.C. 2923.15(A); and, 4) improperly handling a weapon in violation of R.C. 2923.16(C)(2). Mitchell filed a motion to suppress on December 10, 1997. On December 23, 1997, the trial court denied that motion, finding probable cause for the stop and arrest. Mitchell pled no contest to counts one, two and four, was found guilty of those counts, and was sentenced accordingly. Mitchell filed a timely notice of appeal. On June 29, 1999, this court affirmed the trial court's decision in State v. Mitchell (June 29, 1999), 7th Dist. No. 99 CA 5.
While this matter was on appeal, the police officer who effected the arrest and testified at Mitchell's suppression hearing, former Mahoning County Sheriff's Deputy Carmen Constantino (hereinafter "Constantino"), was indicted twice. In the first indictment, he was charged with perjury. However, he was not convicted pursuant to this indictment. In the second indictment, he was charged with eight counts, including tampering with records, falsification, and theft in office. On July 29, 1999, Constantino pled guilty to the falsification charge. The trial court sentenced Constantino on October 14, 1999. It is not clear from the record whether the second indictment was in addition to the first indictment or superceded the first indictment.
On October 22, 1999, Mitchell filed a motion for a new hearing on the motion to suppress due to new, undiscoverable evidence at the time of the original hearing, namely, Constantino's conviction for falsification. Mitchell amended his motion on November 5, 1999. That same day, the trial court granted that motion for a new suppression hearing, held a hearing, and denied the motion to suppress. During the hearing, Mitchell orally moved to withdraw his plea of no contest. That motion was also denied.
On appeal, Mitchell asserts two assignments of error:
"The trial court abused it's [sic] discretion and failed to afford due process to Defendant-Appellant when it overruled his motion to continue hearing to allow counsel to obtain grand jury records from the special prosecutor's office regarding a state's witness due to surprise when a second indictment against that witness was revealed during the post-conviction hearing."
"The trial court abused it's [sic] discretion when it failed to permit Defendant-Appellant to withdraw his previous no contest plea due to manifest injustice as afforded by Ohio Criminal Rule 32.1."
Because we find the trial court did not abuse its discretion when denying either motion, we affirm the trial court's decision.
In his first assignment of error, Mitchell asserts the trial court erred when it denied his motion to continue. The determination of whether to grant a continuance is entrusted to the broad discretion of the trial court and will only be reversed when a trial court abuses that discretion. State v. Unger (1981), 67 Ohio St.2d 65, 21 O.O.3d 41,423 N.E.2d 1078, syllabus. An abuse of discretion connotes more than an error of law or of judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144. "Whether the court has abused its discretion depends upon the circumstances, `particularly * * * the reasons presented to the trial judge at the time the request is denied.'" State v. Powell (1990), 49 Ohio St.3d 255, 259, 552 N.E.2d 191
quoting Ungar v. Sarafite (1964), 376 U.S. 575, 589, 84 S.Ct. 841,11 L.Ed.2d 921. When ruling on a motion to continue, a trial court should consider the length of delay requested, prior continuances, inconvenience, the reasons for the delay, whether the defendant contributed to the delay, and other relevant factors. State v. Landrum
(1990), 53 Ohio St.3d 107, 115, 559 N.E.2d 710. In doing this, the court must conduct a balancing test. Unger at 67, 423 N.E.2d at 1080. "Weighed against any potential prejudice to a defendant are concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." Id.
Mitchell asserts he merely asked for a short delay and that the reasons for the delay were vital to his defense. Prior to the November 5, 1999 hearing, Mitchell knew Constantino was indicted and convicted of the falsification charge. During his cross-examination of Constantino at the November 5, 1999 hearing, Mitchell's counsel learned Constantino had been indicted not once, but twice. He had not previously known of Constantino's first indictment for perjury of which he was not convicted. Mitchell's counsel then asked for a continuance
 "to allow [him] to attempt to obtain either a transcript of the hearing at the grand jury level or from the fraud probe in 1998 or otherwise obtain records from the State of Ohio, from the Prosecutor's office regarding the evidence against him regarding those alleged acts of perjury that were also before the grand jury." Tr. p. 20.
The trial court denied that motion noting the case had already been delayed many times and that Constantino's indictment had been a matter of public record which could have been discovered prior to the hearing.
Mitchell asserts the trial court abused its discretion when it denied his motion for a continuance. We disagree. It is evident from the record that Mitchell's attorney did not make an effort to investigate what the other counts in that indictment were before appearing for the hearing. Rather than thoroughly investigating the substance of the charges against Constantino, Mitchell's attorney merely relied on a conversation he had with the Special Prosecutor in Constantino's case. The Special Prosecutor told Mitchell's attorney, "[Constantino] was indicted and we convicted him on attempted falsification, a misdemeanor two." However, there was no need to rely on that conversation since the fact that Constantino had been indicted twice was public record. Moreover, there is no indication that Constantino's indictment was in any way related to Mitchell's case.
Constantino appeared in court at the November 5, 1999 hearing as a result of Mitchell's subpoena. At the hearing, Mitchell's counsel had the opportunity to question Constantino on the circumstances surrounding that indictment but chose not to do so. When Mitchell made his motion to continue, the trial court noted the case had already been delayed many times. As the Ohio Supreme Court noted in Unger, a court is under no duty to accommodate their schedules to the tactical designs and strategies of the counsel practicing before it. Unger, supra at syllabus. Mitchell's attorney made the tactical decision to rely on the Special Prosecutor's statement rather than independently investigating the matter. The fact that this tactic failed should not mandate a court continue a matter in the middle of a hearing.
This case is similar to this court's decision in State v. Rankin (May 18, 2001), 7th Dist. No. 98-BA-9. In Rankin, we noted one of the main reasons the trial court did not abuse its discretion when it denied the defendant's motion to continue was "the fact that Appellant's own omissions greatly contributed to his need for a continuance." Id. at 3. In the present case, the sole reason Mitchell needed a continuance was that his attorney had not conducted a meaningful investigation before the hearing was scheduled to proceed. Mitchell's attorney had the opportunity to develop that line of testimony at the hearing, but chose not to do so. In light of both Unger and Rankin, the trial court did not abuse its discretion when it denied the motion to continue.
Mitchell's second issue within this assignment of error is that the trial court's decision denied him the due process of law. In his "Conclusion" Mitchell asserts the trial court's actions prevented him from having "a realistic opportunity to present the issues regarding the State's witnesses and their criminal conduct. [The trial court's] failure to do so rendered the Hearing fundamentally unfair in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Appellant's Brief at 13.
As noted above, Mitchell did have a realistic opportunity to impeach Constantino. Mitchell's attorney simply failed to do so. That is not the trial court's fault, but rather is the fault of Mitchell's attorney. Mitchell cannot now blame the court for his own attorney's tactical choices. Mitchell's first assignment of error is meritless.
In his second assignment of error, Mitchell asserts the trial court abused its discretion when it failed to permit him to withdraw his plea of no contest. Crim.R. 32.1 provides as follows:
"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
This rule imposes a strict standard for deciding a post-sentence motion to withdraw a plea. State v. Griffin (2001), 141 Ohio App.3d 551, 553,752 N.E.2d 310 citing State v. Xie (1992), 62 Ohio St.3d 521, 526,584 N.E.2d 715. A defendant may only be allowed to withdraw a plea after sentencing in "extraordinary cases." State v. Smith (1977),49 Ohio St.2d 261, 264, 3 O.O.3d 402, 361 N.E.2d 1324. The defendant bears the burden of showing a manifest injustice warranting the withdrawal of a plea. Id. at paragraph one of the syllabus. "The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdrawing the plea if the sentence was unexpectedly severe." State v. Wynn (1998),131 Ohio App.3d 725, 728, 723 N.E.2d 627 citing State v. Caraballo
(1985), 17 Ohio St.3d 66, 17 OBR 132, 477 N.E.2d 627.
This court may not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. See id. at paragraph two of the syllabus. As stated above, an abuse of discretion connotes more than an error of law or of judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. Adams, supra at 157, 16 O.O.3d at 173, 404 N.E.2d at 149. As Mitchell was sentenced on December 23, 1997, his motion could only be granted if he showed a manifest injustice warranting the withdrawal of his plea.
A motion to withdraw a plea does not always necessitate an evidentiary hearing. "When a trial court reviews a motion to withdraw a guilty plea, it decides, based upon the allegations in [the] motion, whether to hold an evidentiary hearing on the motion." State v. Nathan (1995),99 Ohio App.3d 722, 725, 651 N.E.2d 1044. Generally, a hearing is only "required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn." Id.
A manifest injustice is defined as a "clear or openly unjust act."State ex rel. Schneider v. Kreiner (1998), 83 Ohio St.3d 203,699 N.E.2d 83. This court has referred to it as "an extraordinary and fundamental flaw in the plea proceeding." State v. Lintner, 7th Dist. No. 732, 2001-Ohio-3360.
"Factors relevant to whether the trial court abused its discretion in denying a motion to withdraw a plea include: 1) whether the accused was represented by counsel at the time of the plea; 2) whether the accused received a full hearing under Crim.R. 11 before entering his plea; 3) whether the trial court afforded the accused an impartial hearing on his motion to withdraw the plea; and 4) whether the record establishes that the trial court gave full and fair consideration to the plea withdrawal request." Id.
A manifest injustice may also be found when trial counsel is ineffective. State v. Mushrush (1999), 135 Ohio App.3d 99, 107,733 N.E.2d 252. However, even when arguing that counsel was ineffective, the defendant must show (1) his counsel's performance was, in fact, deficient, and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and instead, would have insisted on going to trial. Hill v. Lockhart (1985),474 U.S. 52, 57-59, 106 S.Ct. 366, 88 L.Ed.2d 203, 290-210; Xie, supra at 524, 584 N.E.2d at 717. A manifest injustice does not exist when the defendant is surprised by the severity of the punishment imposed.Mushrush at 107, 733 N.E.2d at 257.
In State v. Scott (June 28, 1995), 7th Dist. No. 726, the defendant asserted his counsel did not properly investigate the case against him and, if his counsel would have done so, "a different light would have been shed on the case against appellant" and he would not have pled guilty to the offense. Id. at 2-3. This court found that when a defendant can point to no specific evidence missed by counsel which would have had a definite impact on the outcome of this case, then the defendant has failed to show a manifest injustice. Id. at 3.
In the present case, Mitchell's argument is similar to the defendant's in Scott. The reason Mitchell wishes to withdraw his plea is because, when he pled no contest on December 23, 1997, he did not know and could not have known that the officers who effected the arrest "were under investigation or would subsequently be indicted within a few months after that date" and if he had known these facts he would not have entered the no contest plea. Tr. pp. 27-28. He argues "[w]hen one combines the relevancy of the newly-discovered evidence to the Court's previous determination of credibility, the Defendant-Appellant's reason for taking the plea, and the Court's blanket and unsupported denial of the short continuance, a manifest injustice is the clear result." Appellant's Brief at 12.
Contrary to Mitchell's assertions, it does not appear this impeachment evidence would have definitely had an impact on the outcome of Mitchell's case. Most importantly, there is no indication the indictment was in any way related to Mitchell's case. Merely because a grand jury indicted Constantino for perjury in one case does not necessitate a conclusion that he committed perjury in this case. Mitchell's lack of knowledge of this possible impeachment evidence at the time he pled no contest is not the type of manifest injustice which results in a extraordinary and fundamental flaw in the plea proceedings. Therefore, Mitchell's second assignment of error is meritless.
Because both of Mitchell's assignments of error are meritless, the decision of the trial court is affirmed.
Donofrio, J., concurs.
Waite, J., concurs.