[Cite as *State v. Batstra*, 2017-Ohio-2665.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RICHARD T. BATSTRA | : | Case No. CT2016-0052 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Muskingum County
                                Court, Case No. CRB 04 00233


JUDGMENT:                       Reversed and Remanded


DATE OF JUDGMENT:               May 3, 2017


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

D. MICHAEL HADDOX                       ROBERT G. MCCLELLAND
Prosecuting Attorney                    Graham & Graham Co., L.P.A.
                                        P.O. Box 340
                                        Zanesville, Ohio 43702-0340

By: GERALD V. ANDERSON II
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street. P.O. Box 189
Zanesville, Ohio 43702-0189

*Baldwin, J.*

{¶1}    Plaintiff-appellant State of Ohio appeals from the August 29, 2016 Order of the Muskingum County Court granting defendant-appellee Richard T. Batstra's Motion to Withdraw Plea.

STATEMENT OF THE FACTS AND CASE

{¶2}    On April 8, 2004, a complaint was filed charging appellee with domestic violence in violation of R.C. 2929.25(A), a misdemeanor of the first degree. Appellee filed a written not guilty plea on April 16, 2004.

{¶3}    As memorialized in a Sentencing Entry filed on July 23, 2004, appellee entered a plea of guilty to domestic violence and was placed on community control for 24 months under specified terms and conditions. The trial court's Entry stated that if appellee violated any of the sanctions, he would be brought back before the court and would be subject to a fine of $1,000.00 and a jail sentence of 180 days.

{¶4}    Pursuant to an Order filed on October 13, 2004, appellee was ordered to appear before the trial court and show cause why he should not be found in violation of special conditions of his probation. Appellee, as memorialized in a Sentencing Entry filed on October 13, 2004, entered a plea of no contest and the trial court found appellant guilty.

{¶5}    On July 29, 2016, appellee filed a Motion to Withdraw Plea of No Contest[1]. Appellee, in his motion, argued that he had entered his plea without full benefit of knowing the consequences of a domestic violence conviction and "did not know the reason and/or consequences for the nature of a 'plea and defer' method of resolving the case, as he

---

[1] The trial court's July 23, 2004 Entry states that appellee pled guilty to domestic violence.

was subjected to by the Court." Appellee further argued that he had substantially rehabilitated his life. Appellant filed a memorandum in opposition to appellee's motion.

{¶6} Pursuant to an Order filed on August 29, 2016, the trial court granted appellee's motion.

{¶7} Appellant now appeals[2], raising the following assignment of error on appeal:

{¶8} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED DEFENDANT TO WITHDRAW HIS PLEA AFTER TWELVE YEARS WITHOUT A FINDING OF MANIFEST INJUSTICE.

I

{¶9} Appellant, in its sole assignment of error, argues that the trial court abused its discretion in granting appellee's Motion to Withdraw his plea. We agree.

{¶10} Crim.R. 32.1 reads as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Thus, a defendant seeking to withdraw a guilty plea after sentence has been imposed, as appellee did in the instant case, has the burden of demonstrating a "manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A "manifest injustice" has previously been defined as a "clear or openly unjust act." *State ex rel. Schneider v. Kriener,* 83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83.

{¶11} Appellate review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. See *State v. Caraballo*, 17

---

[2] This Court, as memorialized in a Judgment Entry filed on December 9, 2016, granted appellant's Motion for Leave to Appeal.

Ohio St.3d 66, 477 N.E.2d 627 (1985). An abuse of discretion suggests a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire,* 5th Dist. Licking No. 09–CA–132, 2010–Ohio–2566, ¶ 60, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). The length of passage of time between the entry of a plea and a defendant's filing of a Crim.R. 32.1 motion is a valid factor in determining whether a "manifest injustice" has occurred. See *State v. Copeland–Jackson,* 5th Dist. Ashland No. 02COA018, 2003–Ohio–1043, ¶ 7.

{¶12} In the case sub judice, appellee filed his motion twelve years after he entered his plea. While appellee contended in his motion that his plea was not knowing, intelligent or voluntary, because there is no transcript of appellee's plea hearing, we must presume the regularity of the proceedings. See *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). Moreover, while appellee argued in his motion that that he had "substantially rehabilitated his life," his behavior since his sentencing is not relevant in determining whether or not a "manifest injustice" occurred to the extent that a withdrawal of his plea is warranted.

{¶13} We find the trial court abused its discretion in permitting appellee to withdraw his plea. On the record before us, appellee failed to establish that a manifest injustice occurred. The resulting prejudice to appellant if the plea is withdrawn after 12 years, when appellee has failed to demonstrate any extraordinary circumstances that would substantiate such recourse, leads us to conclude that the trial court abused its discretion.

**{¶14}** In light of the foregoing, appellant's sole assignment of error is sustained.

**{¶15}** Accordingly, the trial court's August 29, 2016 Order is reversed, and this matter is remanded to the trial court for proceedings consistent with this Opinion.

By: Baldwin, J.

Gwin, P.J. and

John Wise, J. concur.