[Cite as *State v. Guy*, 2017-Ohio-7006.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                           Court of Appeals No. WD-16-045

       Appellee                                    Trial Court No. 97-CRB-01072

v.

Tony S. Guy                                            **DECISION AND JUDGMENT**

       Appellant                                   Decided:  July 28, 2017

* * * * *

Hunter Brown, Bowling Green City Prosecutor, for appellee.

Derek A. DeBrosse, for appellant.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

**{¶ 1}** Appellant, Tony Guy, appeals the judgment of the Bowling Green Municipal Court, denying his motion to withdraw his guilty plea and to set aside his conviction.  We affirm.

## A. Facts and Procedural Background

{¶ 2} On June 11, 1997, appellant entered a plea of guilty to one count of domestic violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree. Appellant appeared before the trial court and entered a plea of guilty to the aforementioned charge. The trial court subsequently sentenced appellant to 30 days in jail with 25 of those days suspended and the remaining days stayed pending completion of a domestic violence counseling program. Appellant's sentence has since been fully served.

{¶ 3} Almost 19 years later, on May 13, 2016, appellant filed a motion with the trial court in which he sought the withdrawal of his guilty plea and an order setting aside his conviction. In his motion, appellant asserted that his guilty plea was not knowingly, intelligently, and voluntarily entered because he was allegedly not informed that he would be permanently banned from possessing a firearm under 18 U.S.C. 922(g)(9) as a result of his guilty plea to domestic violence. A hearing was subsequently held on the motion on June 29, 2016. At the hearing, the state stipulated to the admission of appellant's affidavit, in which he stated that the trial court failed to inform him of the loss of his right to possess a firearm prior to entering his guilty plea. According to the affidavit, appellant is a "lifelong firearms enthusiast" and, as such, "never would have pled guilty to the domestic violence charge had [he] known [he] would lose [his] right to possess a firearm." Notably, the parties agreed at the hearing that the plea hearing records from 1997 have since been destroyed and were therefore unavailable for the trial court's consideration.

2.

**{¶ 4}** Upon consideration of the arguments contained in appellant's motion, as well as the arguments advanced by the state in its memorandum in opposition to appellant's motion, the trial court denied appellant's motion on August 18, 2016. In its decision, the court found that appellant failed to establish that the plea should be vacated in order to correct manifest injustice. Appellant's timely appeal followed.

### B. Assignment of Error

**{¶ 5}** On appeal, appellant assigns the following error for our review:

1. The Trial Court erred by not declaring that a manifest injustice occurred justifying Appellant to withdraw his guilty plea.

### II. Analysis

**{¶ 6}** In his sole assignment of error, appellant argues that the trial court erred in denying his motion to vacate his guilty plea based upon its conclusion that appellant failed to establish manifest injustice.

**{¶ 7}** A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. The decision of whether manifest injustice occurred is left to the sound discretion of the trial court. *Id.* at

3.

paragraph two of the syllabus. Absent an abuse of discretion, an appellate court will not reverse a trial court's denial of a motion to withdraw a guilty plea. *State v. Nathan*, 99 Ohio App.3d 722, 725, 651 N.E.2d 1044 (3d Dist.1995). An abuse of discretion connotes that the trial court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 8}** Notably, courts have previously held that "[t]he length of passage of time between the entry of a plea and a defendant's filing of a Crim.R. 32.1 motion is a valid factor in determining whether a 'manifest injustice' has occurred." *State v. Bastra*, 5th Dist. Muskingum No. CT2016-0052, 2017-Ohio-2665, ¶ 11, citing *State v. Copeland-Jackson*, 5th Dist. Ashland No. 02COA018, 2003-Ohio-1043, ¶ 7. In *Bastra*, the Fifth District held that the trial court abused its discretion in granting the defendant's motion to withdraw his guilty plea, where the motion was filed 12 years after the plea was entered and there was no transcript of the plea hearing available to the trial court as a result of the amount of time that had passed. *Id.* at ¶ 12-13. Given the missing transcript, the court relied upon the regularity of the proceedings under *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980), and concluded that the defendant had not shown the manifest injustice required to permit the withdrawal of his guilty plea. *Id.*

**{¶ 9}** Similarly here, appellant filed his motion to withdraw his guilty plea almost 19 years after he entered his guilty plea. As in *Bastra*, the plea transcript that would assist us in determining whether in fact appellant was informed of his firearm disqualification as he alleges is no longer available. Nonetheless, appellant argues that

4.

the trial court should have granted his post-sentence motion to withdraw his guilty plea, because he promptly filed the motion after he realized that he was unable to acquire a firearm as a result of his misdemeanor domestic violence conviction. Appellant contends that his 19-year delay was not unreasonable because he was unaware of his firearm disqualification during that period.

{¶ 10} In his reply brief, appellant acknowledges that he knew he was under a firearm disqualification for a 1989 felony conviction for trafficking in marijuana, but insists that he did not know that the domestic violence conviction also resulted in a firearm disability. Appellant asserts that firearm disabilities may be relieved as to felony convictions under R.C. 2923.14. However, according to appellant, there are no such procedures for relief from firearm disabilities that flow out of misdemeanor convictions. Importantly, appellant has not demonstrated, nor even alleged, that he has actually been relieved from his prior felony firearm disability. Therefore, the record does not demonstrate that he would be permitted to possess a firearm even if the trial court would have granted his motion to withdraw his guilty plea. Moreover, we find that the length of time that passed between appellant's plea of guilty and his filing of the motion to withdraw the plea, along with our presumption of regularity in light of the missing plea hearing transcript, precludes a finding of manifest injustice under the facts of this case.[1]

---

[1] Appellant also challenges the constitutionality of R.C. 2943.033, which provides, in relevant part:

**{¶ 11}** Accordingly, appellant's sole assignment of error is not well-taken.

**{¶ 12} Conclusion**

**{¶ 13}** For the foregoing reasons, the judgment of the Bowling Green Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

---

(C) Prior to accepting a guilty plea or plea of no contest to an indictment, information, or complaint that charges a person with a misdemeanor offense of violence, the court shall inform the defendant either personally or in writing that under 18 U.S.C. 922(g)(9) it may be unlawful for the person to ship, transport, purchase, or possess a firearm or ammunition as a result of any conviction for a misdemeanor offense of violence. The plea may not be vacated based on a failure to inform the person so charged regarding the restrictions under 18 U.S.C. 922(g)(9).

Because we do not rely on the language of R.C. 2943.033 in arriving at our decision, we do not reach the question of constitutionality.

Mark L. Pietrykowski, J. _____

Arlene Singer, J.                                          JUDGE

_____
James D. Jensen, P.J.                              JUDGE
CONCUR.

_____
JUDGE